Lee Holen (Alaska Bar No. 7810071)
**Lee Holen Law Office**
113 W. Northern Lights Blvd., Suite 218
Anchorage, AK 99503
Telephone: (907) 278-0298
Facsimile: (907) 278-0247
Email: leeholen@alaska.net

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
Email: sschalman-bergen@bm.net
Email: akoropey@bm.net
(pending *pro hac vice* admission)

David A. Hughes (ASB-3923-U82D)
**Hardin & Hughes, LLP**
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hardinhughes.com
(pending *pro hac vice* admission)

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **MICHAEL CIAMILLO, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**BAKER HUGHES INCORPORATED,**<br><br>    **Defendant.** | **Civil Action No. _____**<br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FLSA** (29 U.S.C. §§ 201, *et seq.*) |

# COLLECTIVE ACTION COMPLAINT

1. Plaintiff Michael Ciamillo ("Plaintiff" or "Ciamillo"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant Baker Hughes Incorporated ("Defendant" or "Baker Hughes"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claim occurred within this judicial district and Defendant does business within this judicial district.

## PARTIES

4. Plaintiff Michael J. Ciamillo worked for Defendant in Prudhoe Bay, Alaska, and Kenai, Alaska, between approximately August 2008 and June 2011, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action. Plaintiff was employed as a non-exempt "Fishing Supervisor" with Defendant, performing manual labor on oil and gas rigs.

5. Defendant Baker Hughes Incorporated ("Defendant" or "Baker Hughes") is incorporated in Delaware and maintains its headquarters in Houston, Texas. Defendant does business throughout the United States and abroad, including in this judicial district.

6. Baker Hughes is an oilfield services company that provides drilling, evaluation,

completions and production technology and services, integrated operations and reservoir consulting.

7. Baker Hughes employed Plaintiff and similarly situated employees.

8. Baker Hughes employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Baker Hughes's annual gross revenue exceeds $500,000.

10. Baker Hughes is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

11. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All current or former employees of Baker Hughes Incorporated who performed work for Baker Hughes in the United States at any time between April 28, 2011 and the present, and who were non-exempt and paid a salary plus day rate (also known as "day rate" or "day bonus") (the "Class").

12. Plaintiff reserves the right to redefine the Class prior to providing notice to the Class and thereafter, as necessary.

## FACTS

13. From approximately August 2008 to June 2011, Plaintiff was employed by Defendant as a non-exempt employee in and around Prudhoe Bay, Alaska and Kenai, Alaska and was paid pursuant to a combination of salary plus day rate. Plaintiff's job title was Fishing Supervisor.

3
*Ciamillo v. Baker Hughes Inc.*, Case No. _____
COLLECTIVE ACTION COMPLAINT

Case 3:14-cv-00081-RRB   Document 1   Filed 04/28/14   Page 3 of 8

14. Plaintiff and the Class are primarily engaged in manual labor duties such as unloading, handling, guiding, assembling, hooking up, installing, using, taking apart, removing and maintaining various types of oil and gas drilling equipment, such as, for example, fluid lines, air compressors, fishing equipment, completion equipment, and packers equipment.

15. The rigs on which Plaintiff and the Class work are not used as a means of transportation.

16. Defendant has a policy or practice of failing to properly compensate Plaintiff and similarly situated employees for all overtime hours worked.

17. Plaintiff and the Class are paid a fixed salary per week, regardless of the number of hours worked by these non-exempt employees in a given workweek.

18. Plaintiff and the Class are classified as non-exempt from the overtime pay mandates of the FLSA.

19. In addition, Plaintiff and the Class are paid a lump sum for each day they work. This lump sum is known as a "day rate" or "day bonus."

20. Defendant does not maintain accurate records of the hours that Plaintiff and the Class worked each workday and the total hours worked each workweek as required by the Fair Labor Standards Act. 29 C.F.R. § 516.2(a)(7).

21. Plaintiff and the Class routinely work in excess of forty hours per week.

22. Plaintiff and the Class do not work a regular fixed number of hours in excess of forty hours each workweek.

23. Plaintiff estimates that he generally worked in excess of twelve hours per day, and he worked up to twenty-four hours in a day, as he sometimes was requested to work around the clock.

24. Neither the day rate nor the salary takes into account the number of hours worked by Plaintiff and the Class in a given workweek.

25. Neither the day rate nor the salary is determined with reference to any assigned hourly rate.

26. Defendant does not pay Plaintiff and the Class overtime compensation for hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Class as defined above.

28. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

29. Plaintiff and the Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business practices and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including Defendant's common compensation, timekeeping and payroll practices.

30. Specifically, Defendant paid Plaintiff and the Class members a set salary per week, plus a lump sum payment for every day they worked, regardless of the number of hours they actually worked.

31. Defendant paid Plaintiff and the Class these payments even though Plaintiff and the Class did not work a fixed regular number of hours in excess of forty hours each work week.

32. The fixed sum paid to Plaintiff and the Class by Defendant was not related to any

5
*Ciamillo v. Baker Hughes Inc.*, Case No. _____
COLLECTIVE ACTION COMPLAINT

overtime rate calculated from salary payments.

33. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many Class members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the Class)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1).

36. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek. 29 C.F.R. § 778.112.

37. The FLSA also provides that "a lump sum which is paid for work performed during overtime hours without regard to the number of hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis." 29 C.F.R. § 778.310.

6
*Ciamillo v. Baker Hughes Inc.*, Case No. _____
COLLECTIVE ACTION COMPLAINT

Case 3:14-cv-00081-RRB   Document 1   Filed 04/28/14   Page 6 of 8

38. Defendant's compensation scheme applicable to Plaintiff and the Class fails to comply with either 29 U.S.C. § 207(a)(1), 29 C.F.R. § 778.112, or 29 C.F.R. § 778.310.

39. Defendant knowingly failed to compensate Plaintiff and the Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

40. During all relevant times, Plaintiff and the Class were covered employees entitled to the above-described FLSA protections.

41. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

- A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

- B. Authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to all potential Class members;

- C. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

- E. Liquidated damages to the fullest extent permitted under the law;

- F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

- G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: April 28, 2014                    Respectfully submitted,

/s/ Lee Holen_____
Lee Holen (Alaska Bar No. 7810071)
LEE HOLEN LAW OFFICE
113 W. Northern Lights Blvd., Suite 218
Anchorage, AK 99503
Telephone: (907) 278-0298
Facsimile: (907) 278-0247
Email: leeholen@alaska.net

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
BERGER & MONTAGUE, P.C
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
          sschalman-bergen@bm.net
          akoropey@bm.net

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL35401
(205) 344-6690
(205) 344-6188 (Facsimile)
dhughes@hardinhughes.com

*Attorneys for Plaintiff*