# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MICHAEL CIAMILLO and ARTHUR
DENHAM, individually and on behalf of all
others similarly situated,

        Plaintiffs,

    v.

BAKER HUGHES INCORPORATED,

        Defendant.

Civil Action No. 3:14-cv-00081-RRB

Judge Beistline

## SETTLEMENT AGREEMENT AND RELEASE

    1.    This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Michael Ciamillo and Arthur Denham ("Plaintiffs") and Defendant Baker Hughes Incorporated ("Defendant") (collectively, the "Parties"), subject to the approval of the Court.

## RECITALS

    2.    Plaintiff Michael Ciamillo commenced this action by filing a Collective Action Complaint in the United States District Court for the District of Alaska captioned *Ciamillo v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB (D. Alaska) (Dkt. No. 1) (the "Action"). On January 30, 2015, Plaintiffs Michael Ciamillo and Arthur Denham filed a First Amended Class and Collective Action Complaint captioned *Ciamillo, et al. v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB (D. Alaska) (Dkt. No. 52).

    3.    Plaintiffs, individually and on behalf of the Settlement Class defined below, assert that Defendant failed to pay proper overtime wages under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and state laws related to the payment of wages.

    4.    On November 4, 2014, the Parties participated in mediation before an experienced mediator, William H. Lemons. Pursuant to the mediation and the Parties' agreed alternative dispute resolution ("ADR") process, Defendant provided Plaintiffs with voluminous electronic and hardcopy payroll records, timesheets and applicable policies, which Plaintiffs' Counsel reviewed and analyzed prior to the mediation.

    5.    As a result of the mediation and subsequent arms'-length negotiations overseen by the mediator, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

6.     Plaintiffs' Counsel have made a thorough and independent investigation of the facts and law relating to the allegations in the Complaint.  In agreeing to this Settlement Agreement, Plaintiffs have considered:  (a) the facts developed during the Parties' ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement.  Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiffs and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein.

7.     Defendant denies the allegations in the Complaint and denies that it engaged in any wrongdoing or violation of law.  Defendant is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation.  Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this or any other case.

8.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

9.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met.  Should this Settlement not become final, such stipulation to class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

10.    In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiffs' and the Settlement Class Members' claims against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **<u>DEFINITIONS</u>**

11.    The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Action" means the action captioned *Ciamillo, et al. v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB, pending in the United States District Court for the District

2

of Alaska.

b. "Amended Complaint" means Plaintiffs' First Amended Class and Collective Action Complaint captioned *Ciamillo, et al. v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB (D. Alaska) (Dkt. No. 52).

c. "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), within ten (10) business days after the submission of this Settlement Agreement to the Court. A copy of the CAFA Notice shall be provided to Class Counsel.

d. "Claim and Opt-In Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

e. "Class Counsel" means Berger & Montague, P.C. and Hardin & Hughes, LLP.

f. "Class Period" means July 1, 2011 through January 5, 2014.

g. "Court" means the United States District Court for the District of Alaska.

h. "Defendant" means Baker Hughes Incorporated.

i. "Defendant's Counsel" means Muskat, Martinez & Mahony, LLP; Hunton & Williams LLP; and Davis Wright Tremaine LLP.

j. "Eligible Class Member" means all Settlement Class Members who do not timely opt out of the Settlement Class.

k. "Effective Date" means the first business day after the Court's final approval of the Settlement is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

l. "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Plaintiffs and the Settlement Class in the Action.

m. "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

n. "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

o. "Gross Settlement Amount" means the amount that Defendant shall pay in exchange for the release of all Released Claims by Plaintiffs and the Settlement Class, which is the sum of Five Million Three Thousand Seven Hundred Fifty Dollars ($5,003,750.00),

excluding the employers' share of FICA and FUTA payroll taxes. In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

        p.     "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $20,000.00 to be divided as two equal service awards for Plaintiffs Ciamillo and Denham, for their efforts in bringing and prosecuting this matter and moreover, in exchange for their additional Released Claims executed in favor of Defendant as set forth in Paragraph 12(a), below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed $1,666,248.75, which is approximately one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are $19,177.16; (iii) the Settlement Administrator's costs related to administering this Settlement, which are estimated not to exceed $25,000.00; and (iv) payment to the California Labor Workforce and Development Agency pursuant to the California Labor Code Private Attorneys General Act of 2004 in the amount of $3,750.00. The Parties acknowledge that all of these amounts are subject to the Court's approval.

        q.     "Notice Deadline" means the date sixty (60) days after the Settlement Notice and Claim Form are initially mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Claim and Opt-In Consent Form, object to, or opt out of the Settlement.

        r.     "Parties" means Plaintiffs and Defendant.

        s.     "Plaintiffs" mean Michael Ciamillo and Arthur Denham.

        t.     "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

        u.     "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, underpayment of wages, nonpayment of wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties and any penalties under state private attorney general laws, such as the California Labor Code Private Attorneys General Act of 2004), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other state wage-related law applicable to the allegations asserted in the Action and which emanate from and are based upon the same facts alleged in the Action on behalf of Plaintiffs and the Settlement Class with respect to the time that they were employed by Defendant as Field Supervisors during the Class Period. The Parties acknowledge that only Settlement Class Members who return a Claim Form and thereby become opt-in plaintiffs shall release their FLSA claims against Releasees.

        v.     "Releasees" means Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors,

4

administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

w.    "Settlement Administrator" means Angeion Group, subject to the approval of the Court.

x.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

y.    "Settlement Class" or "Settlement Class Member" means all individuals who worked in the field for Defendant as Field Supervisors, and who have been paid pursuant to a salary plus day rate compensation system during the Class Period, and received at least one field service payment under the "Field Service Pay" paycode.

z.    "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

aa.    "State Law Class" means all members of the Settlement Class who were employed by Defendant in states with statutory wage and hour laws.

## **RELEASES**

12.    **Release**.  In consideration of the benefits to be received by Plaintiffs and the Settlement Class under this Settlement, upon the Effective Date:

a.    Plaintiffs Ciamillo and Denham shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Preliminary Approval Order; provided however that nothing in this Paragraph 12(a) releases or

5

waives any claim Plaintiff Denham may have for unpaid wages, including damages, penalties, fees, or costs associated with such claims, arising from his work as a Field Specialist; and

b.     Each Settlement Class Member who is sent the Settlement Notice and who does not timely opt out of the Settlement shall be deemed to have released and discharged the Releasees from the Released Claims.

c.     The Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN  BY  HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

13.     **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each settlement check:

> By signing or cashing this check, I affirm my release of Baker Hughes Incorporated and all Releasees of all Released Claims as defined in the Settlement Agreement approved by the Court on [insert date of final approval order] in *Ciamillo, et al. v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB (D. Alaska).  I affirm that I will not sue or assert any of the Released Claims against any Releasee.

### CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

14.     The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Preliminary Approval Order**. Within five (5) business days after the execution of this Agreement, Plaintiffs shall file a Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for settlement purposes only, and set a date for the Final Approval Hearing.

b.     **Notice**.  The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice and Claim Form to all Settlement Class Members.

c.     Within ten (10) business days after the Preliminary Approval Order, Defendant shall provide Class Counsel and the Settlement Administrator with an electronic

6

database derived from Defendant's SAP database containing the names, last known addresses, last known telephone numbers, last known email addresses, social security numbers, first date of employment as a Field Supervisor, last date of employment as a Field Supervisor, hire date, termination date (unless still a current employee) and the amount of compensation that each Settlement Class Member received while working as a Field Supervisor on a salary plus day-rate basis during the Class Period.

       d.    In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice and Claim Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

       e.    Within ten (10) business days after receiving the Class List, the Settlement Administrator shall send copies of the Court-approved Settlement Notice and Claim Form to all Settlement Class Members via U.S. first class mail, with an enclosed self-addressed postage prepaid return envelope.

       f.    Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address, and shall promptly re-mail the Settlement Notice and Claim Form to any newly found addresses.

       g.    Nothing in this Agreement shall limit Defendant's right and ability to communicate with its current employees, including those who are Settlement Class Members, regarding their wages or other terms and conditions of employment. Defendant may communicate with its current employees who are Settlement Class Members for the purpose of encouraging them to participate in the Settlement, so long as such communications are consistent with this Settlement Agreement.

    15.   **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's counsel a written statement objecting to the Settlement. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7

16. **Requests for Exclusion.** The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline. The Settlement Administrator shall provide copies of any requests for exclusion to the Parties' counsel on a weekly basis.

17. **Interim Report by the Settlement Administrator**. Within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Settlement Notice and Claim Form; (b) the total number of Settlement Class Members who were sent the Settlement Notice and Claim Form; (c) the total number of Settlement Class Members who timely returned the Claim Form; and (d) the total number of Settlement Class Members who filed timely requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

18. **Final Approval Hearing.** Plaintiffs shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

      a.      certifying this Action as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3);

      b.      finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

      c.      directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

      d.      directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims; and

      e.      retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

19. **Gross Settlement Amount**.

      a.      **Deposit**. Within five (5) business days after the Effective Date, Defendant shall wire the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that

meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendant shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time.

        b.    **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

        c.    **Interest**. The interest on the funds deposited by Defendant will inure to the benefit of the Settlement Class.

    20.    **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

        a.    **Service Awards to Plaintiffs Ciamillo and Denham**. Subject to the Court's approval, Plaintiffs Ciamillo and Denham shall each receive up to Ten Thousand Dollars ($10,000.00) for their efforts in bringing and prosecuting this matter, and in consideration of their general release set forth above. The Qualified Settlement Fund shall issue a Form 1099 for these payments. These payments shall be made within seven (7) business days after the Effective Date.

        b.    **Attorneys' Fees and Costs**.

        (i)    Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to one-third of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Actions. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys' fees and costs shall be made within seven (7) business days after the Effective Date.

        (ii)    The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiffs and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs or any Settlement Class Member.

        (iii)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

c. **Settlement Administration Costs**. Settlement Administration costs are estimated not to exceed $25,000 and shall be paid from the Gross Settlement Amount. A copy of the Settlement Administrator's invoice shall be provided to the Court with Plaintiffs' Motion for Final Approval of Class Action Settlement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d. **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Eligible Class Members as set forth below.

e. **Payment of Settlement Funds Will Not Affect Employee Benefit Plan and Similar Plans**. The payment to any member of the Settlement Class as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any (i) employee benefit plan or employment policy; or (ii) stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any member of the Settlement Class shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Defendant and each of its present and former parent corporations and affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly administered benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies and that no additional contributions or benefits will be provided by Defendant by reason of the Settlement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

21. **Settlement Award Eligibility**. All Eligible Class Members shall be paid a Settlement Award based on their *pro rata* share of the Net Settlement Amount. The Settlement Administrator will calculate each Eligible Class Member's *pro rata* share of the Net Settlement Amount by dividing: (a) the total compensation that the respective Eligible Class Member received as a Field Supervisor during the Class Period on a salary plus day-rate basis, by (b) the total compensation paid to the Settlement Class on a salary plus day-rate basis during the Class Period. The resulting figure will then be multiplied by the Net Settlement Amount, which will equal the Eligible Class Member's Settlement Award unless the Eligible Class Member did not timely file a Claim and Opt-In Consent Form in which case their Settlement Award will be reduced by ten percent (10%). The amount of the aggregate 10% reduction for all Eligible Class Members who do not timely file a Claim and Opt-In Consent Form will be divided equally among and included in the Settlement Awards of other Eligible Class Members who timely file a Claim and Opt-In Consent Form. Notwithstanding these provisions, each Eligible Class Member shall receive a minimum amount of $250. All Settlement Award determinations shall be based on Defendant's payroll information for Settlement Class Members which shall be produced to Class Counsel and the Settlement Administrator.

22.     Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts. Withholding shall be at the 25% supplemental wage tax rate. Defendant shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Eligible Class Members, in addition to the Gross Settlement Amount. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

23.     The Settlement Administrator shall provide counsel with a final report of all proposed Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

24.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

25.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund. The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled.

26.     **Remaining Monies**.  If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, those monies shall be paid to a *cy pres* recipient to be agreed upon by the Parties, subject to the Court's approval in the Final Approval Order.

27.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No person shall have any claim against Defendant or the Releasees, Plaintiffs, the Settlement Class Members, Class Counsel, Defendant's Counsel or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

28.     **Defendant's Legal Fees.**  Defendant's legal fees and expenses in this Action

11

shall be borne by Defendant.

29. **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement.  If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed, and the Parties will pay the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void with Defendant and Plaintiffs each paying half.

30. **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

31. **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

32. **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

33. **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

34. **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

35. **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to

12

effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, William H. Lemons, or the Court to resolve such disagreement.

36. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendant, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

37. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

38. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

39. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

40. **Media Statement**

a. Plaintiffs, Defendant, Class Counsel, and Defendant's counsel shall not issue a press release concerning this Agreement or respond to any request for comment by any media organization concerning this Agreement other than to say that the matter has been amicably resolved to the parties' mutual satisfaction.

b. Nothing in this Agreement shall prohibit Defendant or its counsel from disclosing this Agreement or information regarding this Agreement as part of Defendant's financial reporting obligations, financial disclosures, communications with investors (including but not limited to acquiring entities), communications with government agencies or legal authorities, or its internal communications to management or employees.

c. All materials provided by Defendant to Class Counsel or the Settlement Administrator shall be kept confidential and used only for purposes of administering the Settlement. No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action. If the documents marked "confidential" are destroyed, Class Counsel will notify Defendant's Counsel of the destruction in writing within five (5) business days of the destruction. Notwithstanding this provision, Class Counsel may retain a copy of all pleadings, matters of public record, and attorney work product.

13

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

| | | |
|---|---|---|
| **PLAINTIFFS:** | _Michael Ciamillo_ (signature)<br>Michael Ciamillo | Date: February 13, 2015 |
| | _____<br>Arthur Denham | Date: February __, 2015 |
| **CLASS COUNSEL:** | _____<br>Shanon J. Carson<br>Arthur Stock<br>Sarah R. Schalman-Bergen<br>Alexandra L. Koropey<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br><br>and<br><br>David A. Hughes (ASB-3923-U82D)<br>HARDIN & HUGHES, LLP<br>2121 14th Street<br>Tuscaloosa, AL 35401 | Date: February __, 2015 |
| **DEFENDANT:** | _____<br>Baker Hughes Incorporated | Date: February __, 2015 |
| **DEFENDANT'S COUNSEL:** | _____<br>Robert K. Stewart, Jr.<br>DAVIS WRIGHT TREMAINE LLP<br>1888 W. Northern Lights Blvd., Suite 1100<br>Anchorage, AK 99503<br><br>and<br><br>Kevin J. White<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br><br>and | Date: February __, 2015 |

14

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____ Date: February __, 2015
Michael Ciamillo


_Arthur Denh_____ Date: February _13_, 2015
Arthur Denham

**CLASS
COUNSEL:** _____ Date: February __, 2015
Shanon J. Carson
Arthur Stock
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA19103

and

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL35401


**DEFENDANT:** _____ Date: February __, 2015
Baker Hughes Incorporated

**DEFENDANT'S
COUNSEL:** _____ Date: February __, 2015
Robert K. Stewart, Jr.
DAVIS WRIGHT TREMAINE LLP
1888 W. Northern Lights Blvd., Suite 1100
Anchorage, AK 99503

and

Kevin J. White
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

and

14

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____   Date: February ___, 2015
Michael Ciamillo


_____   Date: February ___, 2015
Arthur Denham

**CLASS**
**COUNSEL:** _____   Date: February _13_, 2015
Shanon J. Carson
Arthur Stock
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

and

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401


**DEFENDANT:** _____   Date: February ___, 2015
Baker Hughes Incorporated

**DEFENDANT'S**
**COUNSEL:** _____   Date: February ___, 2015
Robert K. Stewart, Jr.
DAVIS WRIGHT TREMAINE LLP
1888 W. Northern Lights Blvd., Suite 1100
Anchorage, AK 99503

and

Kevin J. White
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

and

14

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**
_____     Date: February __, 2015
Michael Ciamillo


_____     Date: February __, 2015
Arthur Denham

**CLASS COUNSEL:**
_____     Date: February __, 2015
Shanon J. Carson
Arthur Stock
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

and

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401

**DEFENDANT:**
_____     Date: February 13, 2015
Baker Hughes Incorporated

**DEFENDANT'S COUNSEL:**
_____     Date: February __, 2015
Robert K. Stewart, Jr.
DAVIS WRIGHT TREMAINE LLP
1888 W. Northern Lights Blvd., Suite 1100
Anchorage, AK 99503

and

Kevin J. White
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

and

14

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____    Date: February __, 2015
                Michael Ciamillo

                _____    Date: February __, 2015
                Arthur Denham

**CLASS**
**COUNSEL:**    _____    Date: February __, 2015
                Shanon J. Carson
                Arthur Stock
                Sarah R. Schalman-Bergen
                Alexandra L. Koropey
                BERGER & MONTAGUE, P.C.
                1622 Locust Street
                Philadelphia, PA19103

                and

                David A. Hughes (ASB-3923-U82D)
                HARDIN & HUGHES, LLP
                2121 14th Street
                Tuscaloosa, AL35401

**DEFENDANT:**  _____    Date: February __, 2015
                Baker Hughes Incorporated

**DEFENDANT'S**
**COUNSEL:**    _____    Date: February _13_, 2015
                Robert K. Stewart, Jr.
                DAVIS WRIGHT TREMAINE LLP
                1888 W. Northern Lights Blvd., Suite 1100
                Anchorage, AK 99503

                and

                Kevin J. White
                HUNTON & WILLIAMS LLP
                2200 Pennsylvania Avenue, N.W.
                Washington, D.C. 20037

                and

14

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MICHAEL CIAMILLO and ARTHUR DENHAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BAKER HUGHES INCORPORATED,<br><br>    Defendant. | Civil Action No. 3:14-cv-00081-RRB<br><br>Chief Judge Beistline |

**NOTICE OF COLLECTIVE AND CLASS ACTION SETTLEMENT**
**FOR BAKER HUGHES FIELD SUPERVISORS – UNPAID OVERTIME**

**PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice because the records of Baker Hughes Incorporated ("Baker Hughes") show that you were employed as a Field Supervisor on a salary and day-rate basis and that you received at least one payment under the "Field Service Pay" paycode between July 1, 2011 and January 5, 2014. Because you fit this definition, **you are entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Alexandra L. Koropey of Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103, Telephone: (215) 875-3063, Email: akoropey@bm.net.

| 1. | **Why Should You Read This Notice?** |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the District of Alaska has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on ⬛⬛⬛⬛⬛⬛, 2015 at ⬛⬛⬛⬛⬛⬛, before the Honorable Ralph R. Beistline of the United States District Court for the District of Alaska, located at 222 West 7th Avenue, #4, Anchorage, Alaska 99513**.**

| 2. | **What Is This Case About?  Description of the Lawsuit.** |
|---|---|

This lawsuit alleges that Field Supervisors employed by Baker Hughes were not paid all overtime compensation to which they were entitled under the law. Baker Hughes denies Plaintiffs' claims but has agreed to the Settlement without any admission of wrongdoing.

1

On _____, 2015, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| **3.** | **How Much Can I Expect To Receive?** |
|---|---|

Baker Hughes has agreed to pay Five Million, Three Thousand Seven Hundred Fifty Dollars ($5,003,750) to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs that are estimated not to exceed $25,000, a service award of up to $10,000 for each of the two Named Plaintiffs (Michael Ciamillo and Arthur Denham) for their service to the Settlement Class, and payment to the California Labor Workforce and Development Agency pursuant to the California Labor Code Private Attorneys General Act of 2004 in the amount of $3,750. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who do not exclude themselves by opting out of the Settlement.

The average estimated settlement payment is expected to be approximately $_____. This amount is an estimate, and your final Settlement Award will differ from this amount and will be calculated as set forth below.

Specifically, all Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based on the compensation that each Eligible Class Member received while working for Baker Hughes as a Field Supervisor on a salary plus day-rate basis between July 1, 2011 and January 5, 2014 (the "Class Period"), divided by the total compensation paid to all Eligible Class Members for work as a Field Supervisor on a salary plus day-rate basis at Baker Hughes during the Class Period. The resulting figure will be multiplied by the Net Settlement Amount, and the resulting sum will equal the Eligible Class Member's Settlement Award unless the Eligible Class Member did not timely return a Claim and Opt-In Consent Form (described below) in which case the Settlement Award will be reduced by ten percent (10%). The amount of the 10% reduction applicable to all Eligible Class Members who do not timely return a Claim and Opt-In Consent Form will be divided equally among all Eligible Class Members who timely return a Claim and Opt-In Consent Form. Each Eligible Class Member will receive a minimum amount of $250.

All Settlement Award determinations will be based on Baker Hughes' personnel and payroll records. The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you receive a Settlement Award, you will have 180 days to cash your check that will be sent to you by the Settlement Administrator. If you do not cash your check within this time period, your check will become void.

**Please fill out and return the enclosed Claim and Opt-In Consent Form to receive your full Settlement Award.**

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

2

| 4. | **What Are My Rights?** |
|---|---|

- If you are a Settlement Class Member and you do not exclude yourself from the Settlement, then you will receive a payment. If you timely submit a Claim and Opt-In Consent Form, you will receive your full Settlement Award. If you do not timely submit a Claim and Opt-In Consent Form, you will receive ninety percent of your Settlement Award.

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO]. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating why you object to the settlement. Your objection must state your full name, address, telephone number, and email address (if applicable) and must be signed by you. Any objection must be mailed to:

    Alexandra Koropey
    **BERGER & MONTAGUE, P.C.**
    1622 Locust Street
    Philadelphia, Philadelphia 19103

    Kevin J. White
    **HUNTON & WILLIAMS LLP**
    2200 Pennsylvania Avenue, N.W.
    Washington, DC 20037

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing set for [INSERT] at [INSERT] before the Honorable Ralph R. Beistline of the United States District Court for the District of Alaska located at 222 West 7th Avenue, #4, Anchorage, Alaska 99513**,** to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

3

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you do not exclude yourself from the Settlement as discussed above, a judgment will be entered by the Court that will dismiss your Released Claims against Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers ("Releasees"). The term Released Claims means:

> any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, underpayment of wages, nonpayment of wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties and any penalties under state private attorney general laws, such as the California Labor Code Private Attorneys General Act of 2004), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the Fair Labor Standards Act or any state wage-related laws applicable to the allegations asserted in the Action and which emanate from and are based upon the same facts alleged in the Action on behalf of Plaintiffs and the Settlement Class with respect to the time that they were employed by Defendant as Field Supervisors during the Class Period. Only Settlement Class Members who return the enclosed Claim and Opt-In Consent Form and thereby become opt-in plaintiffs shall release their Fair Labor Standards Act claims against Releasees.

| 5. | Can Defendant Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No. If you are a current employee of Baker Hughes, your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with Baker Hughes. It is illegal for Baker Hughes to take any adverse employment action against you as a result of your participating in this Lawsuit. In fact, Baker Hughes encourages you to participate in this settlement and receive your share of the monetary proceeds.

| 6. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |
|---|---|

Plaintiffs and the Settlement Class are represented by the following attorneys:

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: scarson@bm.net
Email: sschalman-bergen
Email: akoropey@bm.net

David A. Hughes, Esq.
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hardinhughes.com

4

Website: www.bergermontague.com

| **7.** | **How Will the Attorneys for the Settlement Class Be Paid?** |
|---|---|

Class Counsel will be paid from the gross settlement amount of $5,003,750.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($1,666,248.75) plus their out-of-pocket costs, which are presently $19,177.16. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| **8.** | **Additional Information** |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel as listed above or the Settlement Administrator at the toll-free telephone number listed or by email listed below. Please refer to the Baker Hughes Field Supervisor Overtime Settlement.

Attn: Baker Hughes Field Supervisor Overtime Settlement

Angeion Group, LLC,

1801 Market Street, Suite 660

Philadelphia, PA 19103

Telephone Number: _____

Fax Number: _____

Email Address: _____

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located at 222 West 7th Avenue, Anchorage, AK 99513, from 9:00 a.m. to 5:00 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# **EXHIBIT B**

## CLAIM AND OPT-IN CONSENT FORM

*Ciamillo, et al. v. Baker Hughes Incorporated*, No. 3:14-cv-0081-RRB (D. Alaska)

**COMPLETE AND MAIL, FAX OR EMAIL THIS FORM TO:**

Attn: Baker Hughes Field Supervisors Overtime Settlement

Angeion Group, LLC,
1801 Market Street, Suite 660
Philadelphia, PA 19103

Telephone Number: _____
Fax Number: _____
Email Address: _____

**TO PARTICIPATE IN THE BAKER HUGHES FIELD SUPERVISOR OVERTIME SETTLEMENT, PLEASE SIGN AND RETURN THIS CLAIM AND OPT-IN CONSENT FORM BY _____, 2015.**

| Name (please print): | Address: |
|---|---|
| Email: | Phone No.: |

If your address changes, you must send the Settlement Administrator your new address.  It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

I hereby consent and agree to join this Fair Labor Standards Act lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective and class action settlement.

Date:_____

_____
Signature