IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL CIAMILLO and ARTHUR DENHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAKER HUGHES INCORPORATED,<br><br>Defendant. | Civil Action No. 3:14-cv-00081-RRB<br><br>Chief Judge Beistline |

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

AND NOW, this 19 day of June, 2015, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Settlement Agreement, the Court grants the Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate, and a fair and reasonable resolution of a *bona fide* dispute;

2. The following State Law Class is finally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3): all individuals who worked in the field for Baker Hughes Incorporated as Field Supervisors, and who have been paid pursuant to a salary plus day rate compensation system during the Class Period, and received at least one field service payment under the "Field Service Pay" paycode, and who were employed by Baker Hughes Incorporated in states with statutory wage and hour laws;

3. Plaintiffs Michael Ciamillo and Arthur Denham are finally approved as Representatives of the Settlement Class and State Law Class, and the proposed service awards in the amount of $10,000.00 each to Plaintiffs Ciamillo and Denham for their service to the Classes

and in exchange for their additional released claims in favor of Defendant is approved;

4. Berger & Montague, P.C. and Hardin & Hughes, LLP are approved as Class Counsel for the Settlement Class and the State Law Class;

5. Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs is finally approved, and payment of attorneys' fees in the amount of $1,501,125.00 and costs in the amount of $19,580.10 are finally approved;

6. Angeion Group LLC is finally approved as the Settlement Administrator and the costs of claims administration not to exceed $25,000.00 are approved;

7. The Court finds that Morris Micelle and William Craig Maberry filed valid requests for exclusion from the Settlement, and their rights shall not be affected by the Settlement, and they shall not receive any of the benefits of the Settlement;

8. The Court finds that Defendant has fully complied with CAFA's notice requirements.

9. Pursuant to the Settlement, all members of the Settlement Class, except the two individuals identified in paragraph 7 above, release and are permanently barred from prosecuting against Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers (the "Releasees") any "Released Claims."

10. "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, underpayment of wages, nonpayment of wages,

2

liquidated or other damages, unpaid costs, penalties (including late payment penalties and any penalties under state private attorney general laws, such as the California Labor Code Private Attorneys General Act of 2004), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other state wage-related law applicable to the allegations asserted in the Action and which emanate from and are based upon the same facts alleged in the Action on behalf of Plaintiff and the Settlement Class with respect to the time that they were employed by Defendant as Field Supervisors during the Class Period. Only Settlement Class members who returned a Claim Form and thereby became opt-in plaintiffs have released their FLSA claims against Releasees.

11. With respect to the Released Claims, the Settlement Class Members agree that they shall be deemed to have, and by operation of this Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

12. The Court makes no finding or judgment as to the validity of any Released Claim or that Defendant is liable under the Fair Labor Standards Act or any other law.

13. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified

3

Case 3:14-cv-00081-RRB   Document 71   Filed 06/19/15   Page 3 of 4

Classes, and Defendant for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

BY THE COURT,

**S/RALPH R. BEISTLINE**
**U.S. DISTRICT JUDGE**

Honorable Ralph R. Beistline
Chief United States District Judge

4

Case 3:14-cv-00081-RRB   Document 71   Filed 06/19/15   Page 4 of 4